(16 App. Div. 432.)

### WEEKES v. McCORMICK et al.

(Supreme Court, Appellate Division, First Department. April 23, 1897.)

MORTGAGES—FORECLOSURE—STAY FOR BENEFIT OF JUNIOR MORTGAGEE.

　　A foreclosure sale will not be stayed at the instance of a junior mortgagee until the conclusion of a proceeding to condemn the mortgaged property, unless such junior mortgagee gives security to plaintiff in the foreclosure action.

Appeal from special term, New York county.

Action by Henry De Forest Weekes against James McCormick and others to foreclose a mortgage. From a clause in an order staying the sale until the conclusion of condemnation proceedings to take cer-

tain property, including that mortgaged, for park purposes, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Arthur D. Weekes, for appellant.

Franklin Bien, for respondents.

WILLIAMS, J. The mortgage being foreclosed was the fourth mortgage upon the property to be sold. The title acquired by the purchaser would be subject to three prior mortgages, aggregating $41,000 besides some interest. There were unpaid taxes and water-rate liens against the property, amounting to $1,500. The mortgage being foreclosed, with interest, amounted to upward of $4,200. The liens on the property, down to and including plaintiff's mortgage and costs of the action, thus amounted to about $47,000. The only proof as to the value of the mortgaged property was that in 1890 it was sold for $46,000. The respondent was a defendant in the foreclosure action, having a fifth mortgage upon the property, of $15,000. He did not answer in the action, and never appeared therein until the motion for a confirmation of the referee's report and for judgment was made; and he then appeared, and asked for and procured the clause to be inserted in the order staying proceedings, from which clause this appeal is taken. The condemnation proceedings had been running two years, and were likely to run two years longer. Whatever may be said as to the power to grant a stay of proceedings at all, we certainly think the court was not authorized to grant the stay without requiring any security from the respondent to protect the plaintiff from loss that might result from the stay. It may well be said that the defendant's interests would be best served by staying the sale until the termination of the condemnation proceedings; but, if he desired such a stay for his own protection, he should have been required to bear the burden and take the chances himself, and not compel the plaintiff to take all the risk. The plaintiff had a right to foreclose his mortgage, to move along and have a sale of the property under his judgment. He could protect his interests on the sale. His right to so proceed and have the sale made certainly should not have been interfered with or taken away for the benefit of a subsequent incumbrancer, unless the party asking for the stay was willing to and should give adequate security that he (the plaintiff) would not suffer by the delay. He should have been required to give security that the property would finally sell for enough to cover the expenses of the sale and the amount due upon plaintiff's mortgage, with interest and costs. The plaintiff was in no way precluded from proceeding with his mortgage foreclosure by proving his mortgage in the condemnation proceedings.

We think the clause in the order appealed from should be reversed, with costs of the appeal, and a sale ordered in the usual form. All concur.